UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALLEN SHAHAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOLDEN STATE BRIDGE, INC.,<br><br>　　　　　Defendant. | Case No. 13-cv-03594 NC<br><br>**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 29 |

Defendant Golden State Bridge moves for partial summary judgment, arguing that plaintiff is a land-based employee who does not qualify for seaman status under the Jones Act. The Court finds that there are triable issues of material fact and accordingly denies defendant's motion.

In *Chandris, Inc. v. Latsis*, the Supreme Court charted a two-part test for determining seaman status. 515 U.S. 347 (1995). The first part of the test, that "an employee's duties must contribute to the function of the vessel or to the accomplishment of its mission," is not contested here. *Id.* at 368 (internal quotation marks omitted). But defendant argues that plaintiff's claim founders on the second part, that "a seaman must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature." *Id.*

To buoy its argument that plaintiff's connection was insubstantial in duration and nature, defendant submits evidence it claims reflects plaintiff's lack of "sea-based duties" and his minimal time aboard vessels in navigation.[1]  But plaintiff presents contradictory evidence regarding the duration and nature of his time aboard defendant's vessels.  Plaintiff claims that he spent half his time aboard defendant's vessels, with upwards of half of that time being while those vessels were in motion.  He testifies that he rode daily on defendant's crane barge *Ocean Builder* between Mare Island and the job site at Carquinez Bridge, that he was aboard the *Ocean Builder* while it was moved around the job site by tugs, and that he worked on defendant's workboat *Munson* by assisting to retrieve work materials or persons that had fallen into the ocean.

Based on this evidence, the Court finds that there are genuine issues of material fact as to whether plaintiff had a substantial connection to defendant's vessels both in terms of duration and nature.  The question then, whether plaintiff qualifies as a seaman under the Jones Act, is one for the jury to navigate.  *See Scheuring v. Traylor Bros., Inc.*, 476 F.3d 781, 787 (9th Cir. 2007) ("The evidence supporting the plaintiff's Jones Act claim may be somewhat limited.  Nonetheless, the movements of the vessel, albeit relatively minor, and the sea-based duties of the plaintiff, although ancillary to his core responsibility as a crane operator, raise genuine issues of material fact which warrant jury consideration.").

Accordingly, the Court denies defendant's motion for partial summary judgment.

IT IS SO ORDERED.

Date:  July 7, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge

---

[1] The Court notes that plaintiff has objected to evidence submitted by defendant.  Because the Court finds that the motion must be denied because of the existence of a genuine dispute of material fact, the Court need not rule on these objections at this time.  Plaintiff may renew his objections at trial.