**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

ALLEN SHAHAN,

Plaintiff,

v.

GOLDEN STATE BRIDGE, INC.,

Defendant.

Case No. 13-cv-03594 NC

**ORDER DENYING MOTION TO COMPEL PSYCHIATRIC EXAM OF PLAINTIFF**

Re: Dkt. No. 39

This is a maritime personal injury case. Plaintiff Allen Shahan seeks damages for severe injuries to various parts of his body, including a brain injury he sustained when a 100 pound choker fell approximately seventy feet and struck him on the head and shoulders. Defendant Golden State Bridge moves to compel a psychiatric examination of plaintiff under Federal Rule of Civil Procedure 35(a). Dkt. No. 39.

Rule 35 provides that a court may order a party to submit to a mental examination if the party's mental condition is in controversy and there is good cause for the examination. Fed. R. Civ. P. 35(a)(1). The 'in controversy' and 'good cause' requirements of Rule 35 "are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for

ordering each particular examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964).

Here, plaintiff agreed to neurological and neuropsychological defense examinations. The purpose of the neuropsychological examination was to determine "the nature and extent of Plaintiff's alleged traumatic brain injury" and to address "psychological aspects related to the claim." Dkt. No. 41 at 11. The Court finds that Golden State Bridge has not shown that the proposed psychiatric examination is necessary. The motion to compel a psychiatric examination of plaintiff is DENIED for lack of good cause.

IT IS SO ORDERED.

Date: September 16, 2014

Nathanael M. Cousins
United States Magistrate Judge